# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CRIMINAL ACTION 01-00104-KD-C |
| ) | |
| FRANKIE D. MILLER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on the Motion to Set Aside District Court's Judgment Pursuant to Federal Rule of Civil Procedure 60(d) filed by Defendant Frankie D. Miller (doc. 318). Miller moves the Court to "recall" the judgment against him for fraud on the court. Upon consideration, and for the reasons set forth herein, the Motion is DISMISSED for lack of jurisdiction.

On November 1, 2001, the jury found Defendant Miller guilty of Counts One, Two, Four and Five of the Superseding Indictment (doc. 114, Order on Jury Trial). Miller was sentenced to 360 months on January 16, 2002 (doc.132, Judgment).[1] Defendant Miller now moves the Court pursuant to Rule 60(d) of the Federal Rules of Civil Procedure, to set aside the judgment. Rule 60 is captioned "Relief from a Judgment or Order" and subparagraph (d) sets forth, in relevant part, as follows:

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not

---

[1] Miller's sentence was later reduced to 292 months and then reduced to 235 months, pursuant to the Fair Sentencing Act and certain amendments to the United States Sentencing Guidelines.

>     personally notified of the action; or
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

As to the fraud on the court, Miller alleges that the Assistant United States Attorney and defense counsel conspired to intentionally conceal from Miller and from the "trial judge", United States Circuit Judge Emmett R. Cox (sitting by designation), the fact that Chief United States District Judge Charles R. Butler, Jr., the "pretrial judge", had granted Miller's motion to suppress all financial evidence obtained from the search of his residence on George Street and all derivative evidence (doc. 318, p. 3, 5).

Miller also alleges that "[t]o make matters worse, the trial judge, … somehow allows himself to be bribed by the prosecutor, to participate in her deliberate plan and carefully executed scheme, to intentionally deceive or defraud the court" (doc. 318, p. 6). Miller states that the trial judge was aware that the suppression ruling existed, because he sent the parties to the pretrial judge's chambers for a ruling. He alleges that the trial judge "had a responsibility to seek-out the ruling", but "failed to perform his judicial function" (Id.). Miller alleges that the trial judge allowed "the prosecutor, with the support of [Miller's] trial counsel, to defraud or deceive the court by concealing the suppression ruling, to influence the outcome of the trial's decision" (*Id*.).

Miller argues that because the favorable ruling was fraudulently concealed, the suppressed evidence was presented to the jury. Miller argues that without the suppressed evidence, he would not have been convicted; and therefore, his conviction should be set aside. Miller states that "over the past ten years" he has raised this issue – "counsel's failure to notify the court and the defendant that his motion to suppress had been granted" – and related issues, in

"several *pro se* petitions" but "to no avail" (doc. 318, p. 4-5).[2]

Although labeled as a motion pursuant to Federal Rule of Civil Procedure 60(d),[3] Miller attacks the validity of his underlying judgment of conviction and his sentence. *See Scotton v. United States*, 2017 WL 7511339, at *2 (11th Cir. Nov. 22, 2017) (unreported opinion) (To the extent [Scotton's motion] was brought under Rule 60(d)(3), it did not allege a fraud in the earlier § 2255 proceeding, but rather fraud in the original criminal proceedings. Thus, it attacked his underlying judgment of conviction and sentence.").

Since Miller has previously filed two motions to vacate his sentence pursuant to § 2255, he must first obtain certification from the Court of Appeals for the Eleventh Circuit before filing another § 2255 motion. 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals …"). Without this certification, the Court does not have subject matter jurisdiction. *See Felix v. United States*, 709 F. App'x 543, 548 (11th Cir. 2017) ("Because Felix was required to obtain this Court's permission before filing the instant [successive § 2255] motion yet failed to do so, the district court lacked subject matter jurisdiction over his claims[.]"). Therefore, Miller's Motion is due to be dismissed for lack of jurisdiction.

Also, a Certificate of Appealability is not appropriate because "dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a

---

[2] Miller filed three motions to vacate. The first was dismissed as premature because his appeal was pending. The second motion was denied without an evidentiary hearing. The third was dismissed for lack of jurisdiction. He also filed several other motions.

[3] Miller's reliance on Rule 60(d) is misplaced. The Court of Appeals for the Eleventh Circuit has held that Rule 60(d) "is unavailable to challenge a criminal judgment." *United States v. Mims*, 330 F. App'x 897, 899 (11th Cir. 2009) (finding that the "district court did not abuse its discretion in denying Mims's Rule 60(d) motion because that Rule is unavailable to challenge a criminal judgment.").

habeas corpus proceeding' for purposes of 28 U.S.C. § 2253(c)." *Bolin v. Secretary Florida Department of Corrections*, 628 Fed. Appx. 728, 730 (11th Cir. Fla. 2016) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004)).

**DONE** and **ORDERED** this the 3rd day of April 2018.

                                      **s/ Kristi K. DuBose**
                                      **KRISTI K. DuBOSE**
                                      **CHIEF UNITED STATES DISTRICT JUDGE**