IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 01-00104-KD-C |
| | ) |
| FRANKIE D. MILLER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the Motion to Terminate Supervisory Release filed by Defendant Frankie D. Miller (doc. 330). Upon consideration, and for the reasons set forth herein, the Motion is denied.[1]

In November 2001, Miller was tried and convicted of conspiracy to possess with intent to distribute cocaine and crack cocaine (Count One), possession with intent to distribute cocaine (Count Two), money laundering (Count Four) and interstate travel in aid of racketeering (Count Five) (doc. 132, judgment). In January 2002, Miller was sentenced to 360 months for Count One, 360 months for Count Two, 240 months for Count Four, and 60 months for Count Five, to be served concurrently (doc. 132). Miller was sentenced to a term of five years on supervised release as to Counts One and Two and a term of three years as to Counts Four and Five, to run concurrently (Id.). Miller's sentence was reduced to 292 months pursuant to Amendment 750 to the United States Sentencing Guidelines. His sentence was further reduced to 235 months pursuant to Amendment 782 to the Sentencing Guidelines (docs. 264, 303). Miller

---

[1] No evidentiary hearing is necessary. United States v. Reagan, 162 Fed. Appx. 912, 913 (11th Cir. 2006) ("A refusal to terminate supervised release does not constitute a modification of the term of supervised release. Accordingly, the district court was not required to hold an evidentiary hearing before denying Reagan's motion."); United States v. Smith, No. 3:88-CR-215-J-12, 2010 WL 716495, at *2 (M.D. Fla. Feb. 25, 2010) (same) (citing United States v. Reagan, 162 Fed. Appx. at 913).

was released July 19, 2019 and began serving his five-year term of supervised release. He has now completed approximately 27 months.

Miller moves the Court for early termination of supervision. As grounds, Miller argues that he "has been an outstanding law abiding citizen", "has followed all rules and regulation set by his probation officer, paid on time all fees that [apply] to court and halfway house obligations and never failed" a urine analysis test (doc. 330). Miller also states that he maintained a relationship with God, re-established a relationship with his mother and siblings, and his son, and is now a grandfather. Miller also states that he is a "positive leader in his community" and speaks to youth about the prison system. (Id).

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court has considered the "nature and circumstances" of Miller's offenses and his "history and characteristics" 18 U.S.C. § 3553(a)(1). The Court also considered the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", to "afford adequate deterrence to criminal conduct", and to "protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(2)(A), (B) & (C).

Upon consideration, the Court finds that early termination would not serve the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to "protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(2)(B) & (C). The Court commends Miller for his compliance with conditions of supervision and other

accomplishments during supervision. However, the relevant factors discussed herein weigh in favor of denying his motion for early termination. Accordingly, the Court is not satisfied that early termination is warranted at this time. 18 U.S.C. § 3583(e)(1).

The Clerk is directed to mail a copy of this Order to Miller.

**DONE** and **ORDERED** this the 3rd day of November 2021.

<u>**/s / Kristi K. DuBose**</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**