IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**vs.** )<br>)<br>**FRANKIE D. MILLER,** )<br>)<br>    **Defendant.** ) | Criminal Action No. 01-00104-KD-C |

## ORDER

This action is before the Court on the Petition to Terminate Supervised Release filed by Defendant Frankie D. Miller (doc. 332) and the United States' response (doc. 335).  Upon consideration, and for the reasons set forth herein, the Motion is GRANTED.[1]  Accordingly, Defendant Miller is discharged from supervision.

In November 2001, Miller was tried and convicted of conspiracy to possess with intent to distribute cocaine and crack cocaine (Count One), possession with intent to distribute cocaine (Count Two), money laundering (Count Four) and interstate travel in aid of racketeering (Count Five) (doc. 132, judgment).  In January 2002, Miller was sentenced to 360 months for Count One, 360 months for Count Two, 240 months for Count Four, and 60 months for Count Five, to be served concurrently (doc. 132).  Miller was sentenced to a term of five years on supervised release as to Counts One and Two and a term of three years as to Counts Four and Five, to run concurrently (Id.).  Miller's sentence was reduced to 292 months pursuant to Amendment 750 to the United States Sentencing Guidelines. His sentence was further reduced to 235 months pursuant to Amendment 782 to the Sentencing Guidelines (docs. 264, 303). Miller was released July 19, 2019, and began serving his five-year term of supervised release.  After Miller

---

[1] Miller requested a hearing on his motion. However, a hearing is not necessary. The relief sought is favorable to Miller, does not extend his term of supervised release, and the United States, while not supporting Miller's motion, did not specifically object to early termination. Fed. R. Crim. P. 32.1(c)(2)(B) & (C).

completed approximately 27 months of supervision, he moved the Court for early termination (doc. 330). The motion was denied (doc. 331). The Court found that early termination was not warranted at that time.

Now, Miller has completed four years and three months of supervision. His supervision will end July 18, 2024. As grounds for early termination, Miller states that he has complied with all conditions of supervision imposed by the Court and has served more than the one year minimum of supervision.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Miller has met the statutory requirement that he serve at least one year of supervision. Therefore, the Court considers the relevant factors in 18 U.S.C. § 3553(a) to determine whether his conduct and the interests of justice warrant early termination. Specifically, the Court has considered the "nature and circumstances" of Miller's offense and his "history and characteristics" 18 U.S.C. § 3553(a)(1), and the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", to "afford adequate deterrence to criminal conduct", and to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B) & (C).

As to Miller's conduct during supervision, his Supervising Probation Officer in the Northern District of Georgia reports that Miller is on the lowest level of supervision, has not had any issues with noncompliance, has maintained steady employment, and his urinalysis results have been negative. The SPO reports that Miller owns a construction company and has projects for home improvements and new home construction. As to Miller's ties to the community, the

SPO reports that Miller bought a home in Georgia in April 2023. He also maintains contact with his son, two grandchildren, and two nieces, all of whom live in Georgia. His SPO does not oppose early termination. The Probation Officer in this district opines that because of the serious nature of Miller's offenses, his role as a leader or organizer, his failure to accept responsibility, and because he received reductions in sentence, he should complete the 60-month term of supervised release.

The United States does not support Miller's request. But giving weight to the opinion of the SPO who has supervised Miller for the past three and half years and acknowledging that Miller is now 59 years old and has been compliant with conditions of supervision, the United States recognizes that a decision to grant Miller's motion would not be unreasonable.

Upon consideration of the foregoing, the Court finds that early termination would serve the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct" 18 U.S.C. § 3553(a)(2)(A) and (B). The Court specifically acknowledges that Miller is on the lowest level of supervision and has complied with all conditions of release, including maintaining steady employment. The Court also acknowledge that Miller is now 59 years old and has significant ties to the community – primarily his son and grandchildren. Accordingly, the Court is satisfied that Miller's present conduct, including his completion of over four years on supervision without incident, and the interests of justice warrant early termination of his supervision. 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** this the 10th day of October 2023.

                                          /s / Kristi K. DuBose
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**